[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is the owner of Unit Number 4 at Shell Beach Condominium in East Haven (the "premises"). In June, 1987, the plaintiff leased the premises to the defendant Donald Siclari on an oral, month-to-month basis. The defendants (defendant Phyllis Fradiani is now known as Phyllis Fradiani Siclari, Mr. Siclari's wife) vacated the premises in late July 1987, after the plaintiff caused them to be served with a notice to quit. This is the plaintiff's suit for use and occupancy for the month of July 1987 and for damages to the premises allegedly caused by the defendants. The defendants have filed a counterclaim for the return of their security deposit and double damages pursuant to Connecticut General Statutes 47a-21 (d)(2).
The plaintiff's first claim is for $2000 for use and occupancy for the month of July 1987. The court finds that the plaintiff rented the premises to Dow Chemical Company pursuant to a written one-year lease from June 1, 1986 to May 31, 1987. The monthly rent was $1000. The defendants first took occupancy of the premises on February 1, 1987 pursuant to a sub-lease with Dow Chemical Company. The rent was also $1000 per month. After the expiration of the Dow Chemical lease, the plaintiff and the defendant Donald Siclari entered into a verbal, month-to-month lease. The agreed upon rent for June, 1987 was $1000. The plaintiff did tell Mr. Siclari that beginning July 1, 1987, the monthly rent would increase to $1300.
The plaintiff's claim for $2000 for the defendants' use and occupancy of the premises for July 1987 was based solely on his testimony that because the condominium is on the ocean, he felt he could have rented the unit for $2000 for that month. This claim is countered, however, by the plaintiff's previous agreement with the defendants that $1300 would be the monthly rent for July. The defendants are liable to the plaintiff for $1300, the fair and agreed upon rental value for the use and occupancy of the premises for July 1987.
The balance of the plaintiff's claims are for damages allegedly caused by the defendants during their occupancy of the premises. The plaintiff seeks judgment for repairs to two appliances, $75.00 to repair a split hose in the dishwasher and $70.00 to repair the jammed trash compactor. The plaintiff offered no evidence that these repairs were caused by the defendants' misuse of these appliances. The defendants admit that the hose in the dishwasher broke shortly before they vacated. They testified that the trash compactor was jammed when they first moved in and they never used it. The plaintiff did not establish by a fair preponderance of the evidence that these repairs were made necessary by the defendants' neglect or CT Page 4027 misuse of the appliances. Likewise, the plaintiff failed to establish that the bill which he incurred for cleaning the downstairs carpeting in the premises, for $79.00, was attributable to anything other than ordinary wear and tear.
The plaintiff also claims $911.06 in damages for replacement of the kitchen floor of the premises. The plaintiff testified that the linoleum had separated and the underflooring was deteriorated, which he felt was caused by water damage. The defendants testified that the floor was in good condition when they vacated. The invoice for the replacement of the floor is dated October 15, 1987, approximately three months after the defendants vacated the premises. The plaintiff offered no independent testimony as to the condition of the kitchen floor or the necessity for it being replaced. The plaintiff failed to meet his burden of showing by a preponderance of the evidence that it was necessary to replace the kitchen floor as a result of the defendants' misuse.
The next item of damage claimed by the plaintiff is, $180.00 for repairs made to the condominium unit located below the premises. The resident of that unit suffered a leak in his ceiling which required repairs costing $180.00. The plaintiff seeks reimbursement from the defendants because he "assumes" the leak was caused by water leaking under the kitchen floor of the premises down to the ceiling below. The plaintiff offered no evidence that the leak was attributable to any conduct of the defendants. Moreover, the invoice for the repairs notes that evidence of leaking was found around the furnace vent in the roof of the building. The plaintiff failed to meet his burden of proof.
The plaintiff also seeks damages of $376.00, the amount of an invoice to the plaintiff from Atlas Moving Storage Co., a company which the plaintiff owns. The bill is for seventeen hours of work by Atlas in cleaning the premises and packing and removing trash, rubbish and personal property allegedly left at the premises by the defendants after they vacated. The plaintiff failed to prove by a fair preponderance of the evidence that such extensive cleaning, packing and moving were necessary or reasonable under the circumstances.
The plaintiff's final claim is that when the defendants vacated, they removed certain small items of personal property from the premises, which were fully furnished. Even if the court could find that the items were removed, the plaintiff offered no evidence as to the value of such items and plaintiff's claim therefore could not be sustained.
Both parties admit that the defendant Mr. Siclari posted a CT Page 4028 $1000 security deposit with the plaintiff. The security deposit was not returned after the defendants vacated the premises. The defendants have filed a counterclaim seeking the return of their security deposit and double damages pursuant to Connecticut General Statutes 47a-21 (d)(2). The defendants are not entitled to double damages because they failed to notify the plaintiff in writing of their forwarding address, which is required by Connecticut General Statutes 47a-21 (d)(2). They are entitled, however, to credit for their security deposit.
Judgment is entered for the plaintiff against the defendants for $1300.00, plus costs. Judgment is entered on the counterclaim for the defendants against the plaintiff for $1000.00 plus costs.
CHRISTINE S. VERTEFEUILLE, JUDGE CT Page 4029